UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS.

| | |
|---|---|
| JANE DOE and JOHN DOE, individually and as guardians and next of friend of SUSIE DOE,<br>*Plaintiffs*<br><br>v.<br><br>CITY OF SPRINGFIELD, ROBERT GAYLE, LUIS MARTINEZ, & RHONDA JACOBS<br>*Defendants* | CIVIL ACTION NO.<br><br>JAN 30'25 PM 1:05 USDC |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Jane Doe and John Doe, individually and on behalf of their minor daughter, Susie Doe, by their attorneys, Robert A. DiTusa, Esq., Laura D. Mangini, Esq., and Alexander Sneirson, Esq. allege as follows:

## INTRODUCTION

The Plaintiffs bring this action individually and as next of friend of their minor child, and bring this action against Defendant, Robert Gayle ("Gayle") for sexual harassment, grooming, and abuse, and against Defendants, City of Springfield, Luis Martinez, and Rhonda Jacobs for negligence in failing to properly hire, train, supervise, and discipline Gayle, during which Gale sexually harassed, groomed, and abused minor students within and around the Academy; negligent infliction of emotional distress; violations of 42 U.S.C. §1983 and the 14th Amendment, Title IX of the Education Amendments of 1972, and the Massachusetts Civil Rights Act, and conspiracy for Defendants' attempts to cover up Robert Gayle's sexual abuse of minor students.

## PARTIES

1.  The Plaintiff, Jane Doe, is the parent and natural guardian of Susie Doe, a 14-year-old minor (d/o/b 04/01/2010), residing in Hampden County, Commonwealth of Massachusetts. Jane Doe is identified in a separate Affidavit.

2.  The Plaintiff, John Doe, is the parent and natural guardian of Susie Doe, residing in Hampden County, Commonwealth of Massachusetts. John Doe is identified in a separate Affidavit.

3.   The Defendant, City of Springfield, is a municipality duly incorporated under the law of the Commonwealth of Massachusetts, with its City Hall located at 36 Court Street, Springfield, Hampden County, Commonwealth of Massachusetts. At all times relevant hereto, Defendant, City of Springfield owned, operated, and controlled, STEM Middle Academy, located at 60 Alton Street, Springfield, Hampden County, Commonwealth of Massachusetts.

4.   The Defendant, Robert Gayle ("Gayle"), is an individual who resides at 12 Naismith Street, Springfield, Hampden County, Commonwealth of Massachusetts. At all times relevant hereto, Defendant, Robert Gayle, was a history teacher at STEM Middle Academy. Upon information and belief, Gayle was also the coach of at least one female athletic team while at STEM Academy.

5.   The Defendant, Luis Martinez, is an individual who resides at 182 Naismith Street, Springfield, Hampden County, Commonwealth of Massachusetts. At all times relevant hereto, Defendant, Luis Martinez, was a principal at STEM Middle Academy.

6.   The Defendant, Rhonda Jacobs, is an individual who resides at 140 Norfolk Street, Springfield, Hampden County, Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

7.   Plaintiff brings this action pursuant to Massachusetts General Laws, Chapter 260, Sec. 4C, as amended by Chapter 145 of the Acts of 2014, sections 5 and 8.

8.   STEM Middle Academy ("STEM Academy") is a public school owned, operated, and controlled by Defendant, City of Springfield.

9.   At all times relevant hereto, Defendant, Luis Martinez, was principal of STEM Middle Academy, and was responsible for the training and supervision of teachers and staff at the middle school.

10.  At all times relevant hereto, Defendant, Robert Gayle, was a social studies teacher at STEM Middle Academy, and was acting in the scope and course of his employment.

11.  Susie Doe is currently 14 years old. During the 2022-2023 academic school year, Susie Doe was a seventh-grade student at STEM Academy.

## ROBERT GAYLE GROOMS, SEXUALLY HARASSES, AND ABUSES FEMALE STUDENTS AT STEM MIDDLE ACADEMY

12.  During her seventh-grade year, Susie Doe was enrolled in Gayle's social studies class.

13.  Gayle would talk to Susie Doe about the death of her older brother.

14. Gayle would buy female students, including Susie Doe, snacks, and plan after-school activities for the female students.

15. Gayle would share Burger King fries and sodas, chicken wings, and Hoodsie ice cream cups with the female students in his class, include Susie Doe.

16. Gayle assigned the seating in his class so that all the female students sat up front.

17. Gayle would encourage the female students to hang out around his desk but would scold the male students if they tried to approach the desk.

18. Gayle would have female students, including Susie Doe, remain in the classroom with him during lunch period, while the other students left the classroom.

19. Gayle would give all the female students, including Susie Doe "A+s" on all of their assignments, even though the female students wouldn't do any work.

20. The behaviors demonstrated by Gayle were classic red flags and signs of inappropriate grooming behavior.

21. Sometime in the beginning of the school year, Susie Doe and another female student spoke to Counselor Roule about Gayle, specifically that Gayle was "weird and a pervert."

22. Counselor Roule told Susie Doe that Gayle was a "great guy" and "wouldn't do something like that."

23. As a result of Counselor Roule's response, Susie Doe began to believe that there was nothing wrong with Gayle's behavior, and that she should trust him.

24. In October of 2022, Jane Doe overheard her nephew complaining to Susie Doe that Gayle favored female students over male students, and that Gayle was mean to the male students in his class.

25. Jane Doe's nephew also commented that Gayle was "really weird with girls."

26. Jane Doe observed Susie Doe withdrawing from the conversation.

27. After Jane Doe tried to discuss the situation with Susie, Susie went into her room and did not come out for the rest of the day.

28. Subsequently, Susie Doe began experiencing disciplinary problems at both school and home, including emotional outbursts, irritability, and crying without any discernable reason.

29. In or around October of 2022, after learning of Gayle's behavior with his students, including Susie Doe, Jane Doe spoke to Defendant Luis Martinez, and STEM Academy Counselor Laurie Roule, about Gayle's behavior.

3

30.    Despite the fact that Gayle's conduct was indicative of grooming behavior, Principal Martinez reassured Jane Doe that Gayle was a good teacher and that there was nothing to worry about regarding the circumstances of his behavior around students in his classroom.

31.    Counselor Roule also reassured Jane Doe that Gayle was a good teacher and that there was nothing to worry about regarding the circumstances of his behavior around students in his classroom.

32.    Neither Principal Martinez nor Counselor Roule investigated Gayle's predatory behavior.

33.    Near the end of October 2022, Susie called Jane Doe from school and requested to stay late, as Gayle was having a party for both her and her friend.

34.    Jane Doe requested Susie put Gayle on the phone, as she was concerned about the request.

35.    Once Gayle was on the phone, Jane Doe inquired as to why Susie was requesting to stay after. Gayle stated that Susie was a "wonderful student and did good on a test and [was] being rewarded."

36.    Jane Doe asked if the entire class would be staying after. Gayle responded that only Susie Doe and another female student would be staying after class with him.

37.    Jane Doe did not let Susie Doe stay after school with Gayle.

38.    That evening, Jane Doe spoke with Susie Doe about what had happened.

39.    Susie Doe angrily told Jane Doe that "[Robert Gayle] listens to me, mom." She began crying, stating "[Robert Gayle] listens to me about [my brother]. He can relate. Mom, it's nothing bad. [Robert Gayle] is nice to us. You're just mad because of what [my cousin] said about him."

40.    At the time, Jane Doe assumed Susie was grieving the death of her brother.

41.    At dinner that night, Susie Doe was distraught and crying about the death of her brother. When Jane Doe asked Susie Doe if she wanted to speak about it, Susie Doe responded, "No, Mom. I talk to Mrs. Roule and Mr. Gayle. Mom, really, it's ok."

42.    Worried, Jane Doe contacted Counselor Roule to voice her concerns about Susie's interactions with Gayle.

43.    Counselor Roule ignored Jane Doe's concerns, instead stating it was healthy for Susie Doe open up to people she could trust.

44.   Counselor Roule ignored the fact that Gayle was taking advantage of Susie Doe's vulnerability in order to become closer to her.

45.   In early November, Jane Doe, John Doe, Susie Doe, and the rest of the family went on a vacation to Florida. During the vacation, Susie Doe began to act like she did prior to the start of the school year.

46.   However, when they returned from Florida, Susie Doe asked Jane Doe, "Can you guys please take me out of that school?"

47.   When questioned about why she didn't want to go to STEM Academy, Susie Doe responded "It's ok. I'll be fine" and shut down.

48.   After Susie Doe reported that she did not want to return to school, Jane Doe had a second conversation with Principal Martinez. During the conversation, Jane Doe referenced the fact that Susie Doe did not want to go to school; that she was having problems with other students; and her continued concerns regarding Gayle.

49.   Principal Martinez assured Jane Doe that everything was under control; that girls were having problems with Susie Doe, but that Susie Doe was in good hands with Counselor Roule and Gayle.

50.   Susie Doe continued to distance herself and self-isolate. After coming home from school, Susie would remain in her room, refuse to eat dinner, or, if she did eat dinner, eat it by herself in her room.

51.   Susie Doe continued to have problems with other female students at school, which was a drastic change from her social relationships prior to the start of the 2022 school year.

52.   Around Thanksgiving, 2022, Susie Doe called Jane Doe from school against requesting to stay after.

53.   When questioned why she needed to stay after, Susie reported that Gayle was throwing a "Thanksgiving Party" for students after school.

54.   Jane Doe requested to speak with Gayle, who confirmed other students would also be present at the after-school party.

55.   Jane Doe initially allowed Susie Doe to stay after school for the Thanksgiving Party.

56.   Jane Doe also called Principal Martinez to confirm whether he was aware of the after-school Thanksgiving celebration.

57.   Principal Martinez advised that he was unaware that Gayle was allowing students to stay after school for a Thanksgiving Party, but that Jane Doe "shouldn't worry."

58.    Jane Doe reported to Principal Martinez that "It's just weird to me that [Robert Gayle] has after school events only for girls." She then requested Principal Martinez tell Susie Doe that she had to go home when the bell rang and that she could not stay after.

59.    When Susie Doe arrived home, she was extremely upset, and remarked "that's why the other girls make fun of me because I can never stay after in Mr. Gayle's class."

60.    Jane Doe questioned whether it was only girls that would be staying after at the Thanksgiving Party.

61.    Susie Doe responded that "Mr. Gayle's nice to us, Mom. He buys us food in the morning and everything."

62.    Jane Doe informed Susie that she would not be able to stay after school unless it was to make up work.

63.    In December of 2022, Susie Doe was "jumped" in the school bathroom.

64.    During the ride home, Susie told Jane Doe that "the girls keep saying they don't know why I'm still [Gayle's] favorite even though I can't stay after school. The girls at school say my nose is big. They're mad that [Gayle] always defends me. They all get jealous because he's nice to me, but it's not my fault. I try to stay away. [Gayle] said not to listen to them."

65.    The next morning, Jane Doe went to STEM Academy and spoke to Principal Martinez about the events of the day prior.

66.    Principal Martinez responded that he was more worried about the girls bothering Susie Doe than he was about Gayle.

67.    Principal Martinez continued to object to any argument by Jane Doe that Gayle was acting inappropriately around female students, including Susie Doe.

68.    Principal Martinez continued to refuse to investigate Gayle's predatory behaviors.

69.    As the school year progressed, Susie Doe increasingly requested to stay home from school, citing various health concerns including headaches, stomachaches, and cramps.

70.    One weekend, Jane Doe and her husband sat Susie down to discuss her reluctance to attend school.

71.    Susie Doe began crying and pleaded with Jane Doe to remove her from STEM Academy and place her in a different school.

72.    The following Monday, Jane Doe called Counselor Roule to discuss the events that had occurred over the weekend.

6

73.   Upon information and belief, Counselor Roule did nothing.

74.   That afternoon Jane Doe picked Susie Doe up from school. During the ride, Jane Doe attempted to elicit more information from Susie about why she was so upset at school.

75.   Susie Doe broke down, stating "I didn't want you or Daddy to get in trouble."

76.   Susie further explained that girls had been making fun of her because of Gayle, and that Gayle would make comments about her butt and how beautiful she was.

77.   Susie told Jane Doe "I couldn't say anything because Daddy – he would have hurt him. And I don't want Daddy to go to jail, Mom."

78.   Jane Doe asked if anyone else knew what was going on with Gayle.

79.   Susie Doe reported Counselor Roule "knows I feel uncomfortable."

80.   Jane Doe asked Susie Doe if anything else had happened. Susie Doe refused to continue the discussion.

81.   The next day, Jane Doe contacted Principal Martinez and informed him of Susie's allegations.

82.   Principal Martinez promised to "take care of it." He told Jane Doe that he would remove Susie from Gayle's classroom, and that he would "make sure Mrs. Roule doesn't get away with this either."

83.   Instead of addressing the situation, Principal Martinez resigned from the Springfield Public School system.

84.   That same week, Gayle was arrested for sexual assault and battery and rape of a minor. The local news reported the arrest.

85.   After Gayle was arrested, Principal Rhonda Jacobs who replaced Principal Martinez, held an assembly with the students. During the assembly, Principal Jacobs told the students that if anyone talked about Gayle, there would be consequences.

86.   Susie Doe sent Jane Doe a link with the news article.

87.   Jane Doe attempted to call the Central Office for STEM Academy to find out more information, however, no one returned her phone call.

88.   The next morning, Jane Doe called the superintendent's office and left a message with Superintendent Warwick's secretary. Despite being assured that she would receive a call back, no one returned Jane Doe's phone call.

89.  That same day, Susie Doe came home crying. She told her mom "I can't go back, the boys keep screaming, 'Free Mr. Gayle.' They keep saying, '[Susie], was it you?'"

90.  Jane Doe asked Susie Doe why the boys would think it was her.

91.  Susie Doe admitted that Robert Gayle grabbed her buttocks. She also admitted that Gayle would rub her shoulders and say how beautiful she was.

92.  Jane Doe immediately called STEM Academy and spoke with Principal Jacobs, demanding to know why school was threatening to suspend students if they talked about Gayle.

93.  Principal Jacobs refused to provide Jane Doe with any information, instead directing Jane to call detectives.

94.  As a result of Gayle's behavior, Jane Doe attempted to transfer Susie out of STEM Academy. However, the City of Springfield resisted the transfer.

95.  Jane Doe continued to contact Superintendent Warwick's office on at least three additional occasions. Noone from the City of Springfield ever returned her phone call.

### SUSIE DOE CONTINUES TO BE BULLIED AND HARASSED BY OTHER STUDENTS BECAUSE OF THE GROOMING AND ABUSE SHE EXPERIENCED AT THE HAND OF ROBERT GAYLE

96.  During the 2023 – 2024 school year, Susie Doe was an eighth-grade student at Duggan Middle School. Other students made fun of, and bullied, Susie Doe, asking if she was one of "Gayle's girls."

97.  As a result, Jane and John Doe transferred Susie Doe to Putnam High School for the 2024-2025 school year.

98.  Susie Doe continues to be harassed and bullied by students at Putnam.

99.  In October of 2024, one male student loudly asked Susie Doe, in front of the entire physics class, if she was one of the girls raped by Robert Gayle.

100.  As a result of the continued harassment and bullying, Susie Doe continues to experience bodily injury, emotional distress, and loss of educational opportunities.

### SUSIE DOE'S STATEMENTS TO AUTHORITIES

101.  On August 16, 2023, Susie Doe provided further details to the Department of Children and Families, Springfield Police Department and Hampden County District Attorney's

Office. During the interview, Susie Doe reported that Gayle would grab her waist to "move her" out of the way so that he could get by, and that this happened on multiple occasions.

102. Susie Doe also reported that Gayle groped her buttocks on at least two separate occasions.

103. Gayle rubbed Susie Doe's shoulders on multiple occasions.

104. Susie Doe felt uncomfortable whenever Gayle touched her.

105. Susie Doe reported that Gayle would call her "pretty" and tell her that she "looked good." Other students would tell Susie that Gayle would "look at her butt" anytime she walked by.

106. Robert Gayle would ask Susie Doe to walk around the school with him when she was feeling sad about the death of her brother, but Susie would decline.

107. Robert Gayle also asked Susie for her cellphone number. However, Susie did not provide Gayle with the information.

108. Susie Doe informed the Springfield Police Department and the Hampden County District Attorney's office that Gayle's behavior made her uncomfortable. She began struggling to attend school because of Gayle.

109. Susie Doe confirmed that she spoke with Counselor Roule a second time about Gayle's behavior, including that he touched her waist and made her uncomfortable. Susie Doe was crying during this conversation, and requested a therapy referral, but Counselor Roule did nothing to stop Gayle's behavior.

110. Susie Doe also reported that she saw another student crying in the bathroom one day. When she asked what was wrong, the student told Susie that Gayle had touched her buttocks.

111. The Department of Children and Families supported the allegations of sexual abuse by Robert Gayle.

112. On September 20, 2023, Robert Gayle was indicted on four (4) counts aggravated statutory rape of a child and one (1) count of posing a child in a sexual act.

113. On February 9, 2024, Robert Gayle was separately indicted with three (3) counts aggravated indecent assault and battery on a child under the age of 14 regarding his assault and battery of Susie Doe

9

## COUNT 1
### Jane Doe and John Doe, ppa Susie Doe v. Robert Gayle
### *Sexual Assault and Battery*

114.  Plaintiffs restate and reallege the assertions contained in paragraphs 1-113 of this Complaint and incorporates them by reference herein.

115.  The Defendant, Robert Gayle, sexually battered Susie Doe, when he inappropriately, without consent, touched Susie Doe in a sexual manner, including by grabbing her around the waist, touching her buttocks, and massaging her shoulders and arms.

116.  The Defendant, Robert Gayle, sexually assaulted Susie Doe, a minor, by regularly and repeatedly placing Susie Doe in fear that he would sexually molest her.

117.  As a direct and proximate result of the Defendant's conduct, minor Plaintiff Susie Doe, was harmed and sustained physical injuries, emotional injuries, mental anguish, embarrassment, humiliation, pain, diminished childhood, loss of educational opportunities, and loss of life and life's pleasures, many of which are permanent and continuing in nature.

118.  As a direct and proximate result of Defendant's conduct, the minor Plaintiff Susie Doe has suffered injury, incurred medical expenses, and will likely be caused to incur future medical expenses, including counseling.

119.  As a direct and proximate result of Defendant's conduct, the minor Plaintiff Susie Doe will likely incur a loss of earning capacity in the future.

120.  The injuries outlined herein were caused by the conduct of Defendant with the negligence and other tortious conduct of other Defendants further alleged throughout this Complaint and was in no manner whatsoever due to any act or failure to act of the Plaintiff, Jane Doe.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, prays for judgment against the Defendant, Robert Gayle, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 2
### Jane Doe and John Doe, ppa Susie Doe v. Robert Gayle
### *Intentional Infliction of Emotional Distress*

121.  Plaintiffs restate and reallege the assertions contained in Paragraphs 1-120 of this Complaint and incorporates them by reference herein.

10

122.    Defendant, Robert Gayle's conduct, as described above, was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

123.    As a result of the conduct, the minor Plaintiff suffered severe emotional distress which required counseling and will likely require other future medical treatment.

124.    Defendant, Robert Gayle, knew or should have known that the minor Plaintiff would suffer emotional distress as a result of the conduct described herein.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, prays for judgment against the Defendant, Robert Gayle, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 3
### Jane Doe and John Doe, ppa Susie Doe v. City of Springfield
*Negligence*

125.    Plaintiffs restate and reallege the assertions contained in Paragraphs 1-124 of this Complaint and incorporates them by reference herein.

126.    Defendant, City of Springfield, has a non-delegable duty to assure the safety of its students.

127.    Defendant, City of Springfield, breached that duty by committing the following negligent acts or omissions, including but not limited to:

a.    Negligently failing to provide a safe environment for students entrusted to its care;

b.    Negligently training its teachers to ensure that they are aware of proper boundaries with students;

c.    Negligently failing to ensure teachers did not have any physical contact with students;

d.    Negligently failing to supervise its employees;

e.    Negligently failing to train administrators on red flags, grooming behaviors, and boundary violations;

f.    Negligently addressing complaints from students and parents about Gayle, even after learning Gaye was inappropriately touching students, making them feel uncomfortable, and favoring female students;

11

g. Such other negligent and improper actions as may be discovered in the further investigation and pre-trial discovery of this claim.

128. As a direct and proximate result of Defendant's negligence, minor Plaintiff Susie Doe, was harmed and sustained physical injuries, emotional injuries, mental anguish, embarrassment, humiliation, pain, diminished childhood, loss of educational opportunities, and loss of life and life's pleasures, many of which are permanent and continuing in nature.

129. As a direct and proximate result of Defendant's negligence, the minor Plaintiff Susie Doe suffered physical injuries, incurred medical treatment and bills, and will likely be caused to incur medical expenses, including counseling, in the future.

130. As a direct and proximate result of Defendant's negligence, the minor Plaintiff Susie Doe will likely incur a loss of earning capacity in the future.

131. The injuries outlined herein were caused by the negligence of Defendant with the negligence and other tortious conduct of other Defendants further alleged throughout this Complaint and was in no manner whatsoever due to any act or failure to act of the Plaintiff, Jane Doe.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, prays for judgment against the Defendant, City of Springfield, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 4
### Jane Doe and John Doe, ppa Susie Doe v. City of Springfield
### *Negligent Infliction of Emotional Distress*

132. Plaintiffs restate and reallege the assertions contained in Paragraphs 1-131 of this Complaint and incorporates them by reference herein.

133. Because of Defendant's negligence and failures, as herein described, minor Plaintiff was caused to sustain severe emotional distress and suffering, which resulted from the sexual grooming and assault of the minor Plaintiff, Susie Doe, while under Defendant, City of Springfield's care, custody, and control.

134. A reasonable person would have suffered emotional distress under the circumstances in which the minor Plaintiff suffered emotional distress.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, prays for judgment against the Defendant, City of Springfield, in a reasonable amount, together with

interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 5
### Jane Doe and John Doe, ppa Susie Doe v. City of Springfield
### *Breach of Fiduciary Duty*

135.    Plaintiffs restate and reallege the assertions contained in Paragraphs 1-134 of this Complaint and incorporates them herein by reference.

136.    The Defendant, City of Springfield, through Principal Martinez, Counselor Roule, and other employees, fostered and encouraged the relationship between Gayle and Susie Doe.

137.    Susie Doe, who was a minor when she was sexually abused by Gayle placed her trust and confidence in Defendant, City of Springfield, to whom Gayle reported.

138.    The Defendant, City of Springfield, as a fiduciary to the minor children entrusted to its care and attention of its teachers acting on behalf of the Defendant, City of Springfield, owed the minor Plaintiff, Susie Doe, a duty of trust and loyalty.

139.    The Defendant, City of Springfield, breached its fiduciary duty owed to the minor Plaintiff, Susie Doe, and abused its position of trust and confidence.

140.    As a direct and proximate result of Defendant's careless and wrongful acts and omission, minor Plaintiff, Susie Doe, was sexually assaulted by Gayle, and suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and psychological injuries.

141.    The minor Plaintiff, Susie Doe, was prevented from and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of her life, has incurred and will continue to incur loss of income and/or earning capacity, and has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray for judgment from the Defendant, City of Springfield, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 6
### Jane Doe and John Doe, ppa Susie Doe v. City of Springfield
*Strict Liability – Violation of G.L. c.214 §1C*

142.   Plaintiffs restate and reallege the assertions contained in Paragraphs 1-141 of this Complaint and incorporates them by reference herein.

143.   Under M.G.L. c. 151C §2, it shall be an unfair educational practice for an educational institution to sexually harass students in any program or course of study in any educational institution.

144.   Under M.G.L. c. 214 §1C, a person shall have the right to be free from sexual harassment, as defined in G.L. c. 151B and 151C.

145.   Sexual harassment is defined as "sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature when .. . . (ii) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's education by creating an intimidating, hostile, humiliating or sexually offensive educational environment.

146.   Robert Gayle's inappropriate and sexual touching of Susie Doe, including grabbing her waist, touching her buttocks, and the massaging of her shoulders is considered physical contact of a sexual nature.

147.   Robert Gayle's sexual touching of Susie Doe unreasonably interfered with Susie Doe's education by creating an intimidating, humiliating, and sexually offensive educational environment.

148.   Pursuant to G.L. c. 214 §1C, the Defendant, City of Springfield, Inc., is strictly liable for the sexual harassment of Susie Doe by her teacher, Robert Gayle.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray for judgment against the Defendant, City of Springfield, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 7
### Jane Doe, ppa Susie Doe v. City of Springfield
*Vicarious Liability*

149.   Plaintiffs restate and reallege the allegations contained in paragraphs 1 -148 of this Complaint and incorporates them by reference herein.

150.    The Defendant, City of Springfield, is vicariously liable for the acts of its employees, agents, and/or servants, including Robert Gayle, Principal Martinez, Counselor Roule, and Principal Jacobs.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray for judgment against the Defendant, City of Springfield, in reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 8
### Jane Doe and John Doe, ppa Susie Doe v. City of Springfield
### *Ratification*

151.    Plaintiffs restates and realleges the assertions contained in paragraphs 1 – 150 of this Complaint and incorporates them by reference herein.

152.    During all times relevant hereto, Defendant, City of Springfield, knew, or should have known, that Robert Gayle was grooming, sexually harassing, and sexually abusing children within its care.

153.    During all times relevant hereto, Defendant, City of Springfield, failed to repudiate acts of grooming, sexual harassment, and sexual abuse by its employees, agents, and/or servants, including Robert Gayle.

154.    By failing to repudiate the acts of grooming, sexual harassment, and sexual abuse, Defendant, City of Springfield, implicitly ratified the acts of its employees, agents, and/or servants, including Robert Gayle.

155.    As a direct and proximate result of the City of Springfield's conduct, the minor Plaintiff has suffered and will continue to suffer severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREOFRE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray judgment from the Defendant, City of Springfield, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

15

## COUNT 9
### Jane Doe and John Doe, ppa Susie Doe v. City of Springfield
### Violations of 42 U.S.C. §1983 & the 14th Amendment

156.   Plaintiffs restate and reallege the assertions contained in Paragraphs 1- 155 of this
       Complaint and incorporate them by reference herein.

157.   At all relevant times hereto, Principal Luiz Martinez, Counselor Roule, Principal Jacobs,
       and Robert Gayle were acting under the direction and control of Defendant, City of
       Springfield.

158.   Acting under color of law, pursuant to official policy and custom, Defendant, City of
       Springfield, knowingly, recklessly, or with gross negligence, failed to instruct, supervise,
       train, and/or otherwise control, Principal Luis Martinez, Counselor Roule, Principal
       Jacobs, and Robert Gayle, in its duty from depriving the minor Plaintiff of her
       constitutional and statutory rights, to wit: to be free from sexual harassment and abuse,
       which constitutes discrimination upon their gender.

159.   Defendant, City of Springfield, had knowledge, or through the diligent exercise of its
       duty to instruct, supervise, train, and/or otherwise control, should have had knowledge
       that its employee, Robert Gayle, was unfit and dangerous.

160.   Prior to Robert Gayle's arrest, both Jane Doe and Susie Doe complained to Principal Luiz
       Martinez and Counselor Roule that Robert Gayle: (1) made students uncomfortable; (2)
       favored female students over male students; (3) kept female students alone after school to
       "reward them"; and (4) had touched Susie Doe around the waist and on the buttocks.

161.   Despite having actual knowledge of Robert Gayle's behavior, the City of Springfield,
       through Principal Luis Martinez and Counselor Roule, did not take any steps to protect
       Susie Doe, or other female students, from Robert Gayle.

162.   Despite having actual knowledge of Robert Gayle's behavior, the City of Springfield,
       through Principal Luis Martinez and Counselor Roule, the City of Springfield did not
       conduct an investigation into the behavior, and/or retrain Robert Gayle on appropriate
       boundaries between teachers and students.

163.   Defendant, City of Springfield, developed and maintained policies and customs
       exhibiting deliberate indifference to the constitutional rights of the minor Plaintiff, to wit:

16

    a. Failing to implement policies and procedures to prevent sexual and gender discrimination, harassment, and bullying within its public schools, including STEM Middle Academy;

    b. Failing to train its employees to properly investigate allegations of sexual discrimination, harassment, and abuse, of students within the public school district, including STEM Middle Academy.

164.    The above-described policies and customs demonstrated a deliberate and willful indifference on the part of policymakers of the Defendant, City of Springfield, and were the cause of the violation of Plaintiff's rights alleged herein.

165.    The conduct of the Defendant, failing to address multiple complaints of inappropriate grooming behaviors by a teacher, shocks the conscious, and is arbitrary and capricious.

166.    Defendant, City of Springfield, directly or indirectly, under the color of state law, approved and ratified the unlawful and deliberate conduct of Robert Gayle, Principal Luis Martinez, Counselor Rule, and Principal Jacobs.

167.    As a direct and proximate cause of Defendant, City of Springfield's actions, the minor Plaintiff suffered physical and emotional injuries.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray for judgment against the Defendant, City of Springfield, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 10
### Jane Doe and John Doe, ppa Susie Doe, v. City of Springfield
### Violations of Title IX

168.    Plaintiffs restate and reallege the assertions contained in Paragraphs 1-167 of this Complaint and incorporate them by reference herein.

169.    At all times relevant hereto, Defendant, City of Springfield received federal funding for its educational programs, including for education programs at STEM Academy, and Susie Doe was a minor student engaged in educational programs and activities at STEM Academy.

170.    While a student at STEM Academy, Susie Doe endured harassment and discrimination based on her sex that was so severe, pervasive, and/or objectively offensive, that it created a hostile and/or abusive educational environment and effectively denied and/or limited her ability to equally access and participate in educational resources, benefits, programs, and/or other opportunities.

171.    The sex and gender discrimination that Susie Doe experienced occurred in a context where Defendant exercised substantial control over her tormentors, as well as over the faculty and administration and had control over the environment where the harassment and discrimination took place.

172.    Defendant could have, and should have, taken appropriate remedial action in response to the harassment and discrimination Susie Doe experienced, yet failed to do so.

173.    Defendants had actual knowledge of the harassment and discrimination Doe endured.

174.    The City of Springfield's response to the sexual grooming, harassment, and abuse sustained by Susie Doe was so deliberately indifferent, insofar as its conduct was clearly unreasonable in light of known circumstances, thereby subjecting Susie Doe to continued harassment and discrimination and rendering her more vulnerable to it.

175.    As a direct and proximate result of Defendant's actions and omissions, the minor Plaintiff sustained significant injuries and damages, including but not limited to, physical injuries, emotional distress and trauma, loss of educational opportunities, financial loss, and loss of enjoyment of life.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe pray for judgment against the Defendant, City of Springfield, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT 11

### Jane Doe and John Doe, ppa Susie Doe v. Luis Martinez
### Violations of 42 U.S.C. §1983 & the 14th Amendment

176.    Plaintiffs restate and reallege the assertions contained in Paragraphs 1-175 of this Complaint and incorporate them by reference herein.

177.    During all times relevant hereto, Defendant, Luis Martinez, through his employment with the City of Springfield, was acting under the color of state law.

178. The actions and conduct by Defendant, Luis Martinez, violated the minor Plaintiffs right to be free from sexual harassment, abuse, and discrimination as guaranteed by the 14th Amendment.

179. As a result of the above-described violation of rights, the minor Plaintiff suffered physical and emotional injuries.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray for judgment against the Defendant, Luis Martinez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**COUNT 12**
**Jane Doe and John Doe, ppa Susie Doe v. Rhonda Jacobs.**
**Violation of the Massachusetts Civil Rights Act G.L. c. 113 §11H-11I**

180. Plaintiffs restate and reallege the allegations contained in Paragraphs 1-179 of this Complaint and incorporate them reference herein.

181. At all times relevant hereto, Defendant, Rhonda Jacobs, was subject to the Massachusetts Civil Rights Act.

182. Defendant, Rhonda Jacobs, interfered with, or attempted to interfere by threats, intimidation, or coercion, with the minor Plaintiff's exercise and enjoyment of her right in violation of the Massachusetts Civil Rights Act.

183. Under the color of state law, the minor Plaintiff's liberty and right to be free from abuse was threatened.

184. As a direct and proximate cause of the Defendant's interference, the minor Plaintiff suffered physical and emotional injuries.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, guardians of Susie Doe, pray for judgment against the Defendant, Rhonda Jacobs, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other further relief as the Court may deem just and proper.

## COUNT 13
### Jane Doe and John Doe, ppa Susie Doe v. All Defendants
### Civil Conspiracy

185.    Plaintiffs restate and reallege the assertions contained in Paragraphs 1 – 184 of this Complaint and incorporate them by reference herein.

186.    Defendants, City of Springfield, Luis Martinez, and Rhonda Jacobs conspired with other employees at STEM Middle School, to suppress, conceal, and intentionally prevent the public disclosure of Defendant, Robert Gayle's sexual abuse and harassment of his students.

187.    As a result of the acts of Defendants and the employees of STEM Middle School, the minor Plaintiff has sustained physical and emotional injuries.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, as guardians of Susie Doe, pray for judgment against Defendants in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other further relief as the Court may deem just and proper.

## COUNT 14
### Jane Doe and John Doe v. All Defendants
### Loss of Consortium

188.    Plaintiffs restate and reallege the assertions contained in Paragraphs 1-187 of this Complaint and incorporate them by reference herein.

189.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs, Jane Doe and John Doe, suffered the loss of benefit of the full services, society, and affection of their minor daughter, Susie Doe. Jane Doe and John Doe also suffered from emotional distress.

WHEREFORE, the Plaintiffs, Jane Doe and John Doe, pray for judgment against all Defendants in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

The Plaintiffs,

Robert A. DiTusa, Esq. (BBO # 649218)
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
Tel. (413) 781-0000
(413) 827-0266 FAX
robert@alekmanditusa.com

Laura D. Mangini, Esq. (BBO#684620)
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
Tel. (413) 781-0000
(413) 827-0266 FAX
laura@alekmanditusa.com

Alexander Sneirson, Esq. (BBO#707744)
Sneirson Law Firm
73 Chestnut Street
Springfield, MA 01103
Tel. (413) 750-8008
alexander@sneirsonlawfirm.com